UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>      v.<br><br>THELMO MENESES SANTOS, JR.,<br><br>                     Defendant. | Case No: 1:24-CR-00124-JAM-BAM<br><br>ORDER ON STIPULATION BETWEEN THE UNITED STATES AND DEFENDANT REGARDING PRODUCTION AND REVIEW OF PROTECTED INFORMATION<br><br>Ctrm:        9<br><br>Hon.        Stanley A. Boone |

<u>ORDER</u>

Having considered the Stipulation Between the United States and the Defendant Regarding Production and Review of Protected Information, and good cause appearing, IT IS HEREBY ORDERED that all persons acting in this case in a capacity described in Title 18, United States Code, Sections 3509(d) and 3771(a) and Rule 16(d) of the Federal Rules of Criminal Procedure shall:

1. Use discovery and information within it only in connection with the litigation of this case and for no other purpose. The discovery is now and will forever remain the property of the United States of America (the government). Defense counsel will return the discovery to the government at the conclusion of the case or certify that they have deleted any electronic copy of discovery provided to defense counsel.

2. Defense counsel may permit the defendant to view documents in the presence of his attorney(s), defense investigator(s), and/or support staff. The parties agree that defense counsel, defense investigator(s), and support staff shall not allow the defendant to copy or record protected information contained in the discovery. The parties agree that defense counsel, defense investigator(s), and support

1

staff may provide the defendant with copies of documents, if any, from which protected information has first been redacted.

3. Defense counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to anyone in violation of this agreement. Defense counsel shall be responsible for advising the defendant, employees, and other members of the defense team, and defense witnesses of the contents of this stipulation and order.

4. Keep all documents or other discovery materials that disclose the name or any other identifying information concerning the alleged victim or minors in a secure place to which no person who does not have reason to know their contents has access;

5. Disclose such documents, other discovery materials, or the information in them that concerns the alleged victim or minors only to persons who, by reason of their participation in this proceeding, have reason to know such information;

6. IT IS FURTHER ORDERED that all documents to be filed in court that disclose the name or other information concerning the alleged victims or minors shall be filed under seal without necessity of obtaining a court order pursuant to Title 18, United States Code, Section 3509(d)(2).

7. IT IS FURTHER ORDERED that the United States shall provide a copy of all recordings that reference by name or otherwise identify the alleged victims to counsel for defendant. In handling the recordings, counsel for defendant and any members of their office ("the office") shall comply with the following special conditions:

8. The recordings shall remain in the sole custody of the office in a safe located inside the office or on the office's password-protected computer system;

9. The office shall establish a means by which any removal/return of the recordings from/to the safe location or password-protected computer system will be documented;

10. When accessed by the office's agent or expert witness working on behalf of the office, his/her access of the recordings must be documented, and the agent or expert witness must be shown a copy of this Protective Order;

11. The recordings shall not at any time under any conditions be in the defendant's custody,

control, or possession;

12. Should the office determine that copies of the recordings must be made for purposes of creating exhibits for sentencing or review by the office's agent located outside the Eastern District of California, the United States must authorize such copies and document such duplication. Any exhibits or copies and the handling thereof must comply with this Protective Order; and

13. In the event that the office must subsequently withdraw from this case and a new attorney is appointed or retained and/or at the resolution of the case, the recordings and any and all copies must be returned to the United States Attorney's Office.

14. Any disputes regarding the above or problems implementing this order shall be brought to the attention of the court through representative counsel after first consulting opposing counsel.

IT IS SO ORDERED.

Dated:   **August 19, 2024**

UNITED STATES MAGISTRATE JUDGE